## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **LUIS SANTOS CORDOVA, RAMON AGOSTO SANCHEZ, LUIS BURGOS CURCIO, ANTHONY AYALA NIEVES, NEFTALI GARCIA SANTIAGO, JAIME RIVERA GARCIA, WILFREDO NARVAEZ CORDERO, ANTONIO ROSA, and** their respective conjugal partnerships | ) ) ) ) **Case No. 16-** ) ) ) ) **PLAINTIFFS' COMPLAINT AND** ) **JURY DEMAND** ) |
| **Plaintiffs,** | ) ) |
| **vs.** | ) ) |
| **EL MUNICIPIO DE SAN JUAN, PUERTO RICO, GUILLERMO CALIXTO RODRIGUEZ, in his** official and personal capacities | ) ) ) ) ) |
| **Defendant.** | ) ) |

## COMPLAINT

Plaintiffs, Luis Santos Cordova, Ramon Agosto Sanchez, Luis Burgos Curcio, Anthony Ayala Nieves, Neftali Garcia Santiago, Jaime Rivera Garcia, Wilfredo Narvaez Cordero, Antonio Rosa Suarez, and their respective conjugal partnerships (collectively "Plaintiffs"), by and through their counsel of record, bring their claims as a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, and in accordance with the Puerto Rico Wage Payment Statute, 29 Code §§ 271, *et seq.* against Defendant, El Municipio de San Juan, and Guillermo Calixto Rodriguez in his official and personal capacities and allege, upon personal belief as to themselves and their own acts, and as for all other matters upon information and belief, and based upon the investigation made by their counsel, as follows:

## PARTIES

1. At all relevant times Luis Santos Cordova was a resident of Vega Baja, Puerto Rico and worked as an hourly paid, non-exempt canine unit police officer (hereinafter "officer") for Defendant Municipio de San Juan in the City of San Juan, Puerto Rico during the applicable statute of limitations period. Officer Santos' employment with Defendant began 14 years ago, and he continues in his position.

2. At all relevant times Ramon Agosto Sanchez was a resident of San Juan, Puerto Rico and worked as an hourly paid, non-exempt canine unit sergeant (hereinafter "sergeant" or "officer") for Defendant Municipio de San Juan in the City of San Juan, Puerto Rico during the applicable statute of limitations period. Sergeant Agosto became a sergeant three years ago, and he continues in his position.

3. At all relevant times Luis Burgos Curcio was a resident of Las Piedras, Puerto Rico and worked as an hourly paid, non-exempt canine unit officer (hereinafter "officer") for Defendant Municipio de San Juan in the City of San Juan, Puerto Rico during the applicable statute of limitations period. Officer Burgos became an officer twelve years ago, and he continues in his position.

4. At all relevant times Anthony Ayala Nieves was a resident of Trujillo Alto, Puerto Rico and worked as an hourly paid, non-exempt canine unit sergeant (hereinafter "sergeant" or "officer") for Defendant Municipio de San Juan in the City of San Juan, Puerto Rico during the applicable statute of limitations period. Sergeant Ayala became a sergeant three years ago, and he continues in his position.

5. At all relevant times Nefalti Garcia Santiago was a resident of San Juan, Puerto Rico and worked as an hourly paid, non-exempt canine unit officer (hereinafter "officer") for

2

Defendant Municipio de San Juan in the City of San Juan, Puerto Rico during the applicable statute of limitations period. Sergeant Garcia became an officer twenty years ago, and he continues in his position.

6.  At all relevant times Jaime Rivera Garcia was a resident of Aguas Buenas, Puerto Rico and worked as an hourly paid, non-exempt canine unit officer (hereinafter  "officer") for Defendant Municipio de San Juan in the City of San Juan, Puerto Rico during the applicable statute of limitations period. Officer Rivera became an officer 18 years ago, and he continues in his position.

7.  At all relevant times Wilfredo Narvaez Cordero was a resident of Cataño, Puerto Rico and worked as an hourly paid, non-exempt canine unit officer (hereinafter  "officer") for Defendant Municipio de San Juan in the City of San Juan, Puerto Rico during the applicable statute of limitations period. Officer Narvaez became an officer 16 years ago, but he recently ceased working for Defendant.

8.  At all relevant times Antonio Rosa Suarez was a resident of Luquillo, Puerto Rico and worked as an hourly paid, non-exempt canine unit officer (hereinafter "sergeant" or "officer") for Defendant Municipio de San Juan in the City of San Juan, Puerto Rico during the applicable statute of limitations period. Officer Rosa became a sergeant four years ago, and resigned in December 2015.

9.  Defendant Municipio de San Juan is or was plaintiffs' employer.

10.  Defendant Guillermo Calixto is the police commissioner Upon information and belief, in his capacity this individual supervises one or more Human Resources Departments, is involved in the day to day business operations of Defendants, and has authority to hire and fire employees, the authority to direct and supervise the work of employees,

3

including the Plaintiffs in this case, , and the authority to make decisions regarding wage and hour classifications, including the decisions to classify Plaintiff and other similarly-situated employees as exempt or non-exempt, employee compensation and capital expenditures. At all relevant times, this individual acted and had responsibility to act on behalf and in the interests of one or more of the Defendants in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees, including the decision to not pay Plaintiffs for time and an overtime premium as required by the FLSA. As such, at all times hereinafter mentioned, this individual has been and is an "employer" as defined by the FLSA, 29 U.S.C § 203(d), and Puerto Rico Code §§ 29 L.P.R.A. 271 *et seq*. On information and belief, Mr. Calixto is married to Jane Doe, with whom he forms a conjugal partnership.

11.    At all times relevant times, Defendants, were and are doing business in Puerto Rico.

## JURISDICTION AND VENUE

12.    This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." *Id*.

13.    This Court has federal-question jurisdiction over this action pursuant to 28 U.S.C. §1331.

14.    This Court has supplemental jurisdiction over Plaintiffs' state claims pursuant to 28 U.S.C. § 1367 because such claims derive from a common nucleus of operative facts.

15.    Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because the Defendants conduct business within this judicial district. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this judicial district.

16.     This Court has personal jurisdiction over the Defendants as a result of the following during the relevant time period:

a.      Defendants have continuously, regularly, permanently, purposively, and systematically engaged in a course of business, and has otherwise been present, within Puerto Rico (availing itself of the legal privileges of doing business within Puerto Rico) by maintaining, possessing, and operating a municipality within Puerto Rico and entering into contracts with individuals (including canine unit police officers and sergeants) within Puerto Rico to provide employment services at its municipality.

b.      The statutory violations alleged herein involving canine unit police officers and sergeants employees who have worked at Defendants' municipal canine unit have arisen directly from, and are substantially related to, Defendants' transacting of business and contracting within Puerto Rico, namely contracting with, employing, and otherwise doing business with Plaintiffs.

c.      Defendants committed the statutory violations alleged herein involving hourly paid police officers and sergeants who have worked at Defendants' Puerto Rico canine unit and have caused such employees to suffer lost wages and other harm, and reasonably should have expected them to suffer such harm, within Puerto Rico; Defendants have regularly done and solicited business within Puerto Rico and derived substantial revenue from services rendered, within Puerto Rico; Defendants used and possessed and/or leased real property within Puerto Rico; and, Defendants derived substantial revenue from interstate commerce.

17.     Defendants are "employers" and Plaintiffs are "employees" under the FLSA and Puerto Rico Code §§ 29 L.P.R.A. 271, *et seq.*.

## **FACTUAL BACKGROUND**

18.     Plaintiffs are individuals who were employed by Defendants as full time, hourly paid, 40-hours-a-week police officers and sergeants or other similarly titled positions during the statutory period. Plaintiffs all shared similar job titles, pay plans, job descriptions, job duties, and hours of work amongst other things.

19.     Defendants managed Plaintiffs' work, including the amount of time Plaintiffs worked and how that time was recorded. Defendants dictated, controlled, and ratified the wage-and-hour and all related employee compensation policies.

5

20.     Defendants uniformly and centrally disseminated their wage-and-hour practices and policies.

21.     Plaintiffs were classified by Defendants as non-exempt under Puerto Rico wage and hour laws and the FLSA and paid an hourly rate.

22.     Defendants generally only paid for scheduled time, and did not record or pay for all time actually worked by Plaintiffs.

23.     Defendants required, suffered, and permitted Plaintiffs to regularly work more than their scheduled time per workweek without proper compensation by:

    a.      encouraging, suffering, and/or permitting Plaintiffs to perform work after hours caring for their police dogs; and,

    b.      encouraged, suffered, and/or permitted Plaintiffs to regularly work more than their scheduled time per week, which generally consisted of up to 14 hours, without proper compensation.

24.     Defendants failed to maintain accurate records of all time worked by Plaintiffs.

25.     Defendants knew and were aware at all times that Plaintiffs routinely worked more than their scheduled time because its agents and employees dictated, directed, and controlled the unpaid work. Nonetheless, Defendants failed to properly pay Plaintiffs for all time actually worked.

26.     Defendants' practices violated the provisions of the FLSA and Puerto Rico Wage Payment Statute, Puerto Rico Code §§ 29 L.P.R.A. 171, *et seq.*. As a result of Defendants' unlawful practices, Defendants benefited from reduced labor and payroll costs.

6

27.    Plaintiffs were subject to Defendants' uniform policies and practices and were victims of Defendants' schemes to deprive them compensation. As a result of Defendants' improper and willful failure to pay Plaintiffs in accordance with the requirements of the FLSA and Puerto Rico Statute, Plaintiffs suffered lost wages and other damages.

## FACTS LEADING UP TO THE FILING OF THIS LAWSUIT

28.    All of plaintiffs' job duties including the training, care and handling of the dogs they use in their work.

29.    Plaintiffs reported to work for their normally scheduled shift with their dogs and spent their entire shift working with their dogs. At the end of each shift, plaintiffs returned to their homes with their dogs, and their dogs lived with them at their homes.

30.    In addition to their regularly scheduled hours of work, plaintiffs spent time in connection with the care of their dogs, including feeding, watering, grooming, bathing, exercising, cleaning up after, transporting, training, and bonding with their dogs.

31.    From July 13, 2014 to the filing of this lawsuit, plaintiffs – with exception of Officers Rosa and Narvaez, who did so until December 2015 – performed the duties described in the preceding paragraph in addition to their regularly scheduled hours of work.

32.    Defendants did not compensate plaintiffs for their time spent in connection with the care, training, and handling of their dogs in addition to their regularly scheduled work hours.

33.    In 2014, Plaintiffs requested that defendants compensate them for the time in which they performed duties caring for, training their dogs in addition to their regularly scheduled work hours.

34.   Defendants initially refused, but when the Wage and Hour Division of the United States
      Department of Labor got involved on plaintiffs' behalf, Defendant compensated plaintiffs
      for one year of the overtime they were owed pursuant to the Fair Labor Standards Act.
      Despite defendants' recognition that it had to compensate plaintiffs for the work they
      performed in caring for the dogs for the benefit of defendants, defendants only paid up to
      July 13, 2014 and never since have compensated plaintiffs for the time and overtime that
      they are owed thereafter. (hereinafter "Violation Period")

## <u>COUNT I</u>

## **UNPAID WAGES UNDER THE FLSA**

35.   Plaintiffs reallege and incorporate the above paragraphs of this Complaint as if fully set
      forth herein.

36.   Plaintiffs assert claims for unpaid work pursuant to the FLSA, 29 U.S.C. §201 *et seq.*

37.   At all times relevant, Defendants were an "enterprise engaged in commerce" within the
      meaning of Sec. 3(s) of the FLSA, 29 U.S.C. §203(s).

38.   At all times relevant, Defendants were an "employer" within the meaning of Sec. 3 (d),
      29 U.S.C. §203(d).

39.   At all times relevant, Plaintiffs were "employees" as defined by Sec. 3 (e), 29 U.S.C.
      §203(e).

40.   At all relevant times, Plaintiffs were entitled to rights, benefits, and protections granted
      by the FLSA, 29 U.S.C. §201, *et seq.*

41.   Defendants did not pay Plaintiffs for all hours worked in a week during the applicable
      statutory time period in violation of the maximum-hours provision of the FLSA, 29
      U.S.C. §207(a).

8

42.    At all relevant times, Defendants' conduct of not paying premium pay to Plaintiffs for all hours worked over the legal amount in a week was willful in that, among other things:

    a.    Defendants knew or should have known that the FLSA required it to pay time and one-half for all hours worked over the legal amount;

    b.    Defendants failed to maintain true and accurate time records; and,

    c.    Defendants dictated, directed, and controlled the unpaid work.

43.    As a direct and proximate result of the above-alleged conduct, Defendants violated the FLSA.

44.    As a direct and proximate result of the above-alleged conduct, Plaintiffs are due unpaid back wages and liquidated damages, pursuant to 29 U.S.C. §216.

## COUNT II

### VIOLATION OF THE PUERTO RICO STATUTE

45.    Plaintiffs reallege and incorporate the above paragraphs as if fully set forth herein.

46.    Puerto Rico Code 29 L.P.R.A. §173, *et seq.* requires employers to pay their employees for all hours worked. Puerto Rico Code further provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, liquidated damages of an amount equal to the amount owed, costs, attorney's fees, and other appropriate relief. Puerto Rico Code  29 L.P.R.A. § 177.

47.    Defendants violated Puerto Rico Code § 173, by regularly and repeatedly failing to properly compensate Plaintiffs for all their compensable time and failing to do so in the time required by law.

48.    Defendants willfully failed to pay Plaintiffs for time worked.

9

49.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered and will continue to suffer lost wages, and other damages, all in excess of the jurisdictional minimum.

## COUNT III

### VIOLATION OF THE PUERTO RICO STATUTE UNPAID OVERTIME, NOT PROVIDING 16 HOURS BETWEEN SHIFTS

50.     Named Plaintiffs hereby re-allege and incorporate the above paragraphs as if fully set forth herein.

51.     Article II, Section 16 of the Puerto Rico Constitution provides that no worker shall work more than eight hours per day, and 29 L.P.R.A. § 273(a) defines overtime as "the hours that an employee works for an employer in excess of eight (8) hours during any period of twenty-four consecutive hours."

52.     Defendant violated Article II, Section 16 of the Puerto Rico Constitution and 29 L.P.R.A. 273(a), by regularly and repeatedly failing to properly compensate Plaintiffs for all their compensable overtime actually worked and failing to do so in the time required by the Constitution and 29 L.P.R.A. 273 (a). "The right of every employee to choose his occupation freely and to resign therefrom is recognized, as is his right to equal pay for equal work, to a reasonable minimum salary, to protection to his health or person in his work or employment, and to an ordinary work-day which shall not exceed eight hours. An employee may work in excess of this daily limit only if he is paid extra compensation as provided by law, at a rate never less than one and one-half times the regular rate at which he is employed.

10

53.     When Plaintiffs worked more than eight hours on the first day of their workweeks, and more than eight hours each subsequent day, the entire subsequent day should have been paid at time and one-half.

54.     Defendant willfully failed to pay overtime pay to Plaintiffs.

55.     As a direct and proximate result of Defendant's unconstitutional and illegal conduct, Plaintiffs have suffered and will continue to suffer lost wages, including overtime compensation, and other damages, including statutory penalties and attorneys' fees, all in excess of the jurisdictional minimum.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiffs, individually, and on behalf of all others similarly situated demand judgment against Defendants in a sum that will properly, adequately, and completely compensate Plaintiffs for the nature, extent, and duration of their damages the costs of this action and as follows:

A.     Declare and find that the Defendants committed one or more of the following acts:

    i.     Violated  the FLSA by failing to pay wages to Plaintiffs; and,

    ii.     Willfully violated the FLSA;

B.     Award judgment in favor of Plaintiffs for an amount equal to Plaintiffs' unpaid back wages pursuant to the applicable rates;

C.     Award Plaintiffs liquidated damages in accordance with the FLSA;

D.     Award prejudgment interest, to the extent liquidated damages are not awarded;

E.     Award all legal and equitable relief available under Puerto Rico Code, 29 L.P.R.A. 171 *et seq*.;

F.     Award all legal and equitable relief available under 29 L.P.R.A. §273;

G.     Award Plaintiffs reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA and applicable state laws;

H.     Award pre- and post-judgment interest and court costs as further allowed by law;

I.     Grant Plaintiffs leave to add additional plaintiffs by motion, the filing of written consent forms or any other method approved by the Court;

J.     Award compensatory damages, including all pay owed, in an amount according to proof;

K.     Grant leave to amend to add claims under applicable state and federal laws; and,

L.     Provide further relief as the Court deems just and equitable.

## **JURY DEMAND**

Plaintiffs hereby demand trial by jury.

Dated: February 29, 2016                    Respectfully Submitted,

**LAW OFFICES OF**
**JANE BECKER WHITAKER**
P.O. Box 9023914
San Juan, Puerto Rico 00902-3914
Tel. 787-754-9191
Fax 787-764-3101
janebeckerwhitaker@yahoo.com
janebeckerwhitaker@gmail.com


/S/ JANE BECKER WHITAKER
**JANE BECKER WHITAKER**
**USDCPR BAR NUMBER 205110**

s/Jean Paul Vissepo Garriga
**JEAN PAUL VISSEPÓ GARRIGA**
USDC 221504
PO Box 3671116

San Juan, PR 00936
Tel. 787 633-9601
jp@visseppolaw.com

*/s/ J. Barton Goplerud*
J. Barton Goplerud AT0002983
Andrew B. Howie AT0003716
**HUDSON, MALLANEY, SHINDLER
& ANDERSON, P.C**.
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265-5749
Tel: (515) 223-4567
Fax: (515) 223-8887
Email: jbgoplerud@hudsonlaw.net
Email: ahowie@hudsonlaw.net


**ATTORNEYS FOR PLAINTIFFS**